# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ECCLESIASTICAL DENZEL WASHINGTON, ) <br> Register No. 990079, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BROWN & WILLIAMSON TOBACCO ) <br> CORPORATION, et al., ) <br> ) <br> Defendants. ) | No. 08-4093-CV-C-NKL |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Named defendants are Brown & Williamson Tobacco Corp. and Philip Morris U.S.A. Inc.

In support of his claims for relief, plaintiff asserts that his exposure to environmental tobacco smoke violates his Eighth Amendment constitutional rights. Plaintiff alleges product liability based on product defect and failure to warn. Plaintiff alleges defendants "have failed to show that they took reasonable measre (sic) to abate the risk of harm to prisoner by selling the product to consrtium (sic)." (Complaint at 2.)

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915. Under section 1915, the in forma pauperis statute, the court must dismiss the case if it finds the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Additionally, if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under 28 U.S.C. §

1915(g). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." Id.

Plaintiff is a frequent filer of prisoner complaints and has had three or more complaints and/or portions of his complaint dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted and, therefore, must either pay the filing fee in full or show that he is in imminent danger of serious physical injury in order to proceed with his claims. See Simmons v United States Marshal Service, No. 95-0186 (E.D. Mo. 1995) (frivolous); Simmons v. Day, No. 92-2155 (E.D. Mo. 1992) (frivolous); Simmons v. Boyd, No. 93-0103 (E.D. Mo. 1993) (frivolous); Simmons v. Plaza Redevelopment Corp., No. 93-0995 (E.D. Mo. 1993) (legally frivolous); Simmons v. Pollard, No. 93-2519 (E.D. Mo. 1993) (frivolous). Plaintiff's claims against privately owned and operated defendant corporations for product defect and failure do not make claims of imminent danger of serious physical injury.[1]

On May 5, 2008, plaintiff filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §§ 1915 or 1915A. Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [2] It is further

---

[1] Should plaintiff not seek to proceed in forma pauperis, his claims appear to be subject to dismissal for failure to state a claim on which relief may be granted under section 1983. Plaintiff's complaint fails to allege how the actions of named defendants, Brown & Williamson Tobacco Corp. and Philip Morris U.S.A., Inc., were under color of state law, as required for a section 1983 claim.

2

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis and his claims be dismissed, pursuant to 28 U.S.C. § 1915(g), because plaintiff has had three or more cases or appeals dismissed as frivolous or for failure to state a claim.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 27th day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge

3

Case 2:08-cv-04093-NKL   Document 6   Filed 05/27/08   Page 3 of 3